## HUNN'S EXECUTORS v. COLLINS' EXECUTORS.

Court of Common Pleas.  Kent.  August 1, 1798 (Adjourned).

*Bayard's Notebook, 235.*

*Miller,* for plaintiffs, contended that it was the duty of the sheriff to have paid the mortgage out of the purchase money paid to him by the plaintiffs' testator. That lands are a fund to pay all liens, specific and general, and that when a sheriff's sale is made, the liens are discharged, but the money is held by the sheriff as a trustee to be applied in payment of the liens according to law. That the sheriff acts at his peril, is obliged to take notice of encumbrances, and, if he misapplies the money, he is liable. That by the Act of Assembly [1 Del.Laws 109] which rendered lands liable to sale upon executions, the sheriff is required to lay all encumbrances before the inquisitors; and as those encumbrances contribute to the condemnation of the land, they must be entitled to payment in case of sale. By the same Act the overplus is not to be paid over till all encumbrances are paid. The Act called the Fee Bill [2 Del.Laws 1105], passed the 15th June, 1793, allows to the sheriff one per cent dollarage upon paying judgments prior to the one on which the sale is made. Mortgages being specific liens are entitled to at least equal payment with judgments. Such is the law as to executors, 2 Bac.Abr. 433, and they must take notice of a record at their peril, 2 Bac.Abr. 435. Same law must hold as to sheriff. All persons are liable for the misapplication of money, but especially a public officer. 3 Bl. Comm. 432, 163; 1 Com.Dig. 203; 1 Bac.Abr. 45.

*Ridgely* and *Bayard,* for defendants, insisted that mortgages and judgments did not stand upon the same footing. The Act of Assembly referred to did not require mortgages to be laid before the inquisitors but was plainly confined to judgments. That a mortgage, though a specific lien, was a private security, and, as a debt, could be considered as of no greater dignity than due by covenant, that the recording of it was not designed to vary the nature of the debt but was directed solely with the view to the security of purchasers. That judgments were the acts of the court and so conclusively ascertained the verity of the debt as to entitle the party to process to levy it; whereas no execution could issue in case of a mortgage till a judgment on it was obtained, as in cases of other debts. That the design of mortgages was generally to secure a debt, which the parties designed as an encumbrance of time, as a loan for improvement to the debtor,

and a fund of maintenance to the creditor; and much inconvenience would result if the consent of the parties immediately concerned could not allow those debts to subsist, but they must necessarily be discharged at the will of any general creditor who thought proper to proceed to raise his money.

But, secondly, it was contended that the principles established by the plaintiffs' counsel directly defeated his claim. If upon the sale of land the sheriff is [1] a trustee of the purchase money for the payment of liens, it certainly followed, as the argument on the other side admitted, that the encumbrances were discharged as soon as the sale was made; because where the law gave its officer authority to sell property to pay a debt, as soon as that authority was exercised the debt was extinguished in relation to the original debtor. That upon this principle, the Court in New Castle county in the case of *Darrach and Kennedy, ante 170,* and also in the case of *Coock's Executors v. Partridge's Executor* had determined that the general levying of a *fieri facias* on goods, or on goods and lands, discharged the defendant from the debt. If, therefore, in the present case the Court should conceive that mortgages are to be paid by a sheriff upon a sale of lands on a general execution, it must follow that the sheriff having received money sufficient to pay the mortgage, the mortgage was discharged, and the remedy of the mortgagee against the sheriff. And then it would result that the money paid on the mortgage by the plaintiffs' testator was in his own wrong because the mortgage was previously discharged, and, of consequence, no subsisting lien upon the lands conveyed to him by the sheriff. And in such case the plaintiffs would not be entitled to recover.

*Curia advisare vult.*

August 6th. PER CURIAM. Having taken time to consider this case, we are of opinion that the evidence does not maintain the plaintiffs' action. The ground of our decision is that a general sale by a sheriff has nothing to do with mortgages on the property. He does not sell to pay them, and his sale does not discharge them. If they are prior to the title of the purchaser, which relates to the date of the judgment on which the sale is, he purchases subject to them and must secure himself by the price which he gives. We say nothing of such sales upon which particular stipulations or agreements are made that mortgages shall be discharged out of the purchase money. Such cases will depend upon their own circumstances. In this case, as it stands upon the demurrer, the defendants must have judgment.

---

[1] Manuscript reads "as he is" instead of "is."